ALD-340                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1894
_____

ANTONIO PEARSON,
                              Appellant

v.

DAVID VARANO; JOHN WETZEL; SHIRLEY MOORE-SMEAL;
MICHAEL D. KLOPOTOSKI; DORINA VARNER; JEFFREY BAKER;
RHONDA ELLETT; ROBERT MCMILLIAN; ANTOINETTE M. SHEDLESKI;
JOHN SNYDER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-01733)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 7, 2016
Before: AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: July 15, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Antonio Pearson appeals from a district court order granting the Appellees' motion for summary judgment. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## I.

Pearson, a prisoner formerly housed at SCI-Coal Township, has filed this action pro se asserting a "class of one" equal protection claim against a variety of Pennsylvania Department of Corrections ("DOC") employees. Pearson worked the third shift in SCI-Coal's kitchen and claimed that he routinely worked a shift of eight hours and forty-five minutes, but was paid for only eight hours of work, while inmates on other shifts worked eight hours or less and were paid for eight hours of work.

The defendants moved for summary judgment, which the District Court granted on the ground that the undisputed facts did not support a class-of-one equal protection claim. Pearson now appeals the District Court's order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm the District Court's order granting summary judgment because Pearson's appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

To allege an equal protection claim under a class-of-one theory, a plaintiff must show that "(1) the defendant treated him differently from others similarly situated, (2) the

defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Phillips v. County of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)). After the District Court properly determined that Pearson, a third-shift worker, was similarly situated to inmate workers employed on the first and second shifts,[1] it then examined whether Pearson was treated differently in terms of labor and compensation than those other inmates. Importantly, all three shifts received eight hours of pay even though none of them worked an eight-hour day. This was a decision made by the prison to compensate for meal, count, and transit times. Moreover, under prison policy none of the inmates were paid for meal time. Accordingly, evidence in the record supports a finding that all kitchen workers, even when at the job site, are not paid for all the time they are in the kitchen simply based on their presence at the work site, and Pearson does not offer any evidence to the contrary. Thus, Pearson has not demonstrated that the SCI-Coal officials compensated or treated inmates on the third shift differently from other kitchen workers who received pay for an eight-hour shift. Finally, inmates on the other shifts concluded their work days at or near the time an institutional count was conducted; both shifts were prohibited from leaving the worksite until count was cleared and neither shift was compensated for this wait time, in a manner similar to which Pearson was required to wait in the kitchen between 6:00 and 6:45 until count was cleared. The District Court

---

[1] First-shift workers actually worked 5.5 hours a day, while second- and third- shift workers actually worked 6.0 hours per day. See Starzell v. City of Philadelphia, 533 F.3d 183, 203 (3d Cir. 2008) (similarly situated means alike "in all relevant respects").

thus correctly found that Pearson was not treated differently than the similarly situated inmates on the first and second shifts.

Alternatively, Pearson argued that SCI-Coal officials intentionally treated him differently than the first shift because the first shift receives eight hours of pay when only scheduled for seven hours of work, while he received eight hours of pay while scheduled to work an eight-hour day. Even if similarly situated, the defendants presented a rational basis for the difference in treatment of the third shift from the first shift. Specifically, in order to avoid releasing the first shift of workers, which is made up of more senior workers, in the middle of the mainline movement of the general population for lunch (around 12:00 p.m.), a decision was made to release them prior to the start of mainline movement (around 11:00 a.m.) and pay them for a full eight-hour day. Because the realities of running penal institutions are complex and difficult, the Supreme Court has "recognized the wide-ranging deference to be accorded the decisions of prison administrators," Jones v. N.C. Prisoners' Labor Union, 433 U.S. 119, 126 (1977), especially where internal discipline and security are involved, Bell v. Wolfish, 441 U.S. 520, 547-48 (1979). The District Court properly concluded that here prison officials made strategic decisions to both avoid releasing first-shift senior workers at the same time as mainline movement and penalizing the inmates for a decision the prison officials made to maintain the orderly running of their facility. This formed a rational basis for the

Appellees' actions.[2]  Pearson has not set forth evidence contrary to this conclusion and thus has failed to adequately establish an equal protection claim.

Finally, the District Court correctly rejected Pearson's suggestion that, because he was afforded a 6:00 p.m. pass during Ramadan that allowed him to leave the kitchen immediately following count, prison officials could have made similar arrangements so he could have been regularly excused earlier than others who were subject to the same movement restrictions.  As the District Court noted, this unique treatment for Pearson could have simply created an equal protection claim for other workers.

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting the defendants summary judgment on Pearson's complaint.

---

[2] The fact that inmates are released during this time for other reasons (such as visits and medical line) does not mean that restricting the en masse movement of an entire shift of kitchen workers loses its penological value.